## MARY COULSON et al., Complainants,

*vs.*

## JOHN COULSON, Defendant.

### APPEAL IN EQUITY FROM THE WINNEBAGO CIRCUIT COURT.

When the complainant goes to a hearing upon the bill, answer and replication, the answer is evidence as to all matters responsive to the bill, and if it meets all the equities of the bill, the latter must be dismissed.

Fraud is not to be presumed, but must be proved.

THE bill in this case was filed by Mary Coulson and others claiming to be heirs at law of one George Coulson deceased, to set aside a sale of land made by the administrator of the estate of the said George, to the said John Coulson.

The bill states that the intestate died possessed of personal estate and choses in action of the value of about $104, and owned real estate of the value of $400; that soon after the death of the intestate one Chancey E. Cook was appointed administrator on the estate and proceeded to qualify and administer thereon; that the debts of the estate did not amount to more than ten or twelve dollars.

The bill further states that soon after the death of the said George Coulson, the defendant took possession of the land of the intestate, ten acres of which was cleared, fenced and was sowed to wheat which was growing at the time of his death; that the defendant harvested the wheat and appropriated it to his own use, and that the use of the land and house thereon was worth more than the improvements made thereon by the defendant.

The bill also states that in the administration account returned by the administrator to the judge of probate, was a charge of $149 for amount paid to J. Coulson, the defendant, which was fraudulent, and was contrived and intended by the administrator and the said defendant, to deceive the Probate Court as to the indebtedness of the estate, in order to procure an order for the sale of the real estate, that the defendant might, as he after-

wards did, purchase the same, at the said administrator's sale for $175; that the proceedings, the order, the contrivance of the account, the representations of the administrator, were fraudulent, and intended to enable the defendant to get the title to said land, for which purpose the administrator and defendant conspired, &c., &c.

The bill alleges that the personal assets were amply sufficient to pay the legal debts of the estate, and expenses of administration, and that the sale of the real estate was unnecessary, and prays that the said sale may be set aside, and declared void, the administrator's deed canceled, and that the rights and interests of the complainants might be set off to them in severalty, or the property sold and the proceeds distributed.

The defendant in his answer admits that he took possession of the land in question, fenced in the portion sown to wheat, and made other improvements, all under the order and direction of the judge of the probate; that said improvements were of the value of $300 or $400. He also says, in his answer, that he is ignorant of the doings of the administrator, but that the schedule of debts against the estate returned by the administrator is just and true so far as he knows; that as to his account it is just and true; that it consisted in labor performed and materials furnished, in improvements upon the land, which was done before its appraisal, and the value of the land was greatly enhanced thereby; admits that the land was appraised at $400, but avers that it would not have been appraised at over $175 or $200, but for the improvements which he made thereon.

The defendant, further answering, says that his account was just, true and lawful, and was approved by the judge of probate; that he would not have had anything to do with the land but for the direction of the judge of probate, by whom he was directed to occupy and improve it; that all his improvements on the land went to the credit of the estate. He denies that he imposed upon the judge of probate, or intended to deceive him, and does not believe that the administrator intended to impose upon or deceive him; denies that he connived with the administrator to deceive or impose upon the Probate Court; denies that the order of sale was obtained by deception or by any un-

fair means, but avers that the representations of the administrator in that behalf were honest and true, and the sale of the land was actually necessary to pay the debts of the estate, and expenses of administration ; that defendant did not know of the said application until the land was advertised for sale; and denies all combination, conspiracy and fraud fully and specifically. The case was brought to hearing upon bill, answer and replication, when the complainants' bill was dismissed ; from which decree they appealed to this court.

*A. Hand,* for the appellants.

*By the Court,* COLE, J. There can be no doubt of the general correctness of the points made by the counsel of the appellants, but we do not think they bear upon this case. It would be a great outrage upon common justice to sustain a sale brought about by fraud and collusion between the administrator and the purchaser, as this is alleged to have been done. And if these charges of fraud had been sustained by testimony, if evidence had been adduced to show that the administrator of the estate of George Coulson and the appellee had manufactured spurious accounts against the estate to deceive and impose upon the Probate Court, and mislead him as to its real condition, for the purpose of obtaining an order to sell the land in controversy, this court could give no countenance to such proceedings. But for aught that appears in the case, the conduct of the administrator and of the appellee about the estate was proper and legal. The administrator found that the personal property was insufficient to pay the debts against the estate, and charges of administration, and he took the necessary steps to obtain an order to sell the real estate. An order was granted, and the land was advertised and sold according to law. The appellee bought the land at the sale, being the highest and best bidder therefor. Aside from the unsupported charges of fraud in the bill, there is nothing in the case to impeach, in any respect, the.

regularity and fairness of all the proceedings. No testimony whatever has been taken, and the parties went to a hearing upon bill, answer and replication. The appellee in his answer denies fully and distinctly, under oath, all the charges of fraud in the bill, and relieves himself from all suspicion. He says that he knows nothing of any fraud in the conduct of the administrator in settling the estate, or in obtaining the order of sale, owns that he bought the land in good faith, for a valuable consideration, "without combination, conspiracy, fraud, understanding, or bargain with any person or persons to procure the sale of said land in any way, shape or manner, or for the purpose of deceiving the court, or defrauding any one." The answer is full, and strictly responsive to the bill, and must prevail until overcome by competent and sufficient testimony.

The decree of the Circuit Court in dismissing the bill must be affirmed, with costs.